UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PUGA, | Case No. 1:25-cv-00909-KES-CDB |
| Plaintiff, | ORDER ON PARTIES' FILING OF NOTICE OF DISMISSAL |
| v. | |
| AGRESERVES, INC., *et al.*, | (Doc. 18) |
| Defendants. | **7-Day Deadline** |

**Background**

On March 3, 2025, Plaintiff Armando Puga ("Plaintiff") initiated this action with the filing of a complaint in state court, asserting claims on behalf of himself and a putative class against Defendant AgReserves, Inc., doing business as South Valley Farms.  (Doc. 1-1).  Defendant removed the action on July 25, 2025.  (Doc. 1).  Plaintiff filed a first amended complaint (Doc. 11) on August 13, 2025, and Defendant filed a motion to dismiss (Doc. 12) the first amended complaint on August 27, 2025.

On February 12, 2026, the parties filed a notice of voluntary dismissal of the action with prejudice.  (Doc. 18).

**Discussion**

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and Plaintiff is entitled to dismiss the individual claims (including, with prejudice) without court

order.  As no answer or motion for summary judgment has been filed (*see* Doc. 1 & docket generally), Plaintiff also may dismiss the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

However, the original complaint asserted claims pursuant to the California Private Attorneys General Act ("PAGA").  *See* (Doc. 1-1).  Plaintiff did not include the PAGA claims in the first amended complaint.  (Doc. 11).[1]  The Court must review and approve the settlement of any PAGA claims.  *See Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019); *Middleton v. Halliburton Energy Servs., Inc.*, No. 1:19-cv-01747-CDB, 2024 WL 1930691, at *2 (E.D. Cal. May 2, 2024); Cal. Lab. Code § 2699(s)(2).

It is unclear to the Court whether, as part of the resolution of the matter, the parties have settled the PAGA claims pursuant to settlement agreement and notice to the California Labor and Workforce Development Agency ("LWDA"), therefore requiring Court approval of the resolution, or whether Plaintiff removed the PAGA claims from the first amended complaint without settlement of said claims.

**Conclusion and Order**

For the reasons outlined above, Plaintiff is HEREBY ORDERED to file **within seven (7) days** an amended notice in which he represents whether the PAGA claims were not included in the first amended complaint because the parties' settled the PAGA claims and, if not, the present status of the PAGA claims.

IT IS SO ORDERED.

Dated:   **February 18, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the original complaint asserted claims on behalf of a putative class.  *See* (Doc. 1-1). Like the PAGA claims, the class claims were not included in the first amended complaint.  *See* (Doc. 11).  No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement. Where no class has been certified, and where any dismissal would not affect putative class members' claims, Fed. R. Civ. P. 23(e) does not mandate either Court approval of any settlement or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).  As the class claims were not included in the first amended complaint and, therefore, the parties are not seeking dismissal of any class claims with prejudice, the Court finds that dismissal without prejudice would not concede any class interests and Fed. R. Civ. P. 23(e) does not mandate Court approval of any settlement or notice to putative class members.